(51 Misc. Rep. 674.)

KROSHINSKY et al. v. KLEIN.

(Supreme Court, Appellate Term. November 14, 1906.)

VENDOR AND PURCHASER—REMEDIES OF PURCHASER—RECOVERY OF DEPOSIT—EVIDENCE.

In an action to recover a sum of money deposited on the purchase of real estate, it being alleged that the date for the making of the contract expired, and it was never made, for the reason that the parties failed to agree on terms, evidence *held* insufficient to support plaintiff's action.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Michael Kroshinsky and another against Herman Klein. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Jacob W. Block, for appellants.

Chilton & Goldstein, for respondent.

PER CURIAM. The complaint alleges that the plaintiffs gave to the defendant the sum of $50, as deposit, for the sale of a house and lot; that the conditions of the sale were to be agreed upon, and contract for the same made; that the date for the making of the contract expired, and contract was never made, for the reason that the parties failed to agree upon the terms. The answer denies all the allegations of the complaint, except the deposit of $50 for the sale of the house and lot, and the demand for a return of the money and refusal. The case was tried by the court without a jury, and judgment rendered in favor of the defendant. The plaintiffs appeal.

The evidence consists of a receipt, dated March 17, 1906, for the $50, signed by all the parties, and the testimony of one of the plaintiffs and the defendant. The receipt states that the $50 is received "as a deposit on house, No. 20 Ames street, Brooklyn," and then specifies price, mortgages, payments, and says that "contract should be drawn on the 24th of March." There is no formal language setting forth an agreement to purchase and sell. Michael Kroshinsky, one of the plaintiffs, testified that he saw Mr. Klein on March 17th, and gave him

money, and saw him sign the receipt, but that he (Kroshinsky) never made the contract as required by the receipt. The defendant testified that "some brokers and one of those fellows" came around Saturday, and they said, "Our lawyer is not here," and that they would come Monday. I said:

"All right. We will leave it go until Monday. * * * I never saw them after this until the lawyer sent me a notice."

The record is barren of evidence tending to show why the contract was not made. So far as appears, it was no fault of the defendant. The complaint alleges that the sale was never consummated for the reason that the parties failed to agree upon the terms. The plaintiffs offered no proof in support of this allegation. The plaintiffs failed to make out a cause of action, and were properly nonsuited.

Judgment must be affirmed, with costs to the respondent.